# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **GLADYS THOMASON** | **CASE NO. 1:17-CV-01541** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **OUTBACK STEAKHOUSE OF FLORIDA LLC ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment [doc. 15] filed by Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc. ("Defendants"). The Motion was referred to the Magistrate Judge for Report and Recommendation. The Magistrate Judge has issued his Report and Recommendation [doc. 38]. Plaintiff objects to the Report and Recommendation.

## I.
### BACKGROUND

On June 21, 2017, Gladys Thomason filed a petition for damages in the Ninth Judicial District Court, Rapides Parish, Louisiana.[1] Thomason asserts personal injuries resulting from a slip and fall on August 10, 2016 at Outback in Alexandria, Louisiana.[2] Thomason alleges she slipped on an unknown substance next to her table.[3] Thomason claims that other patrons dining with her saw their waitress continually look at the floor and walk around the area prior to Thomason slipping on the substance.[4] Thomason asserts Outback was negligent by failing to implement adequate cleaning procedures, failing to recognize and timely clean the area, failing to

---

[1] Petition for Damages, Doc. 1-2.
[2] *Id.*
[3] *Id.*
[4] *Id.*

place warning signs, failing to warn customers of the existence of the affected area, and failing to periodically inspect the area for unreasonably dangerous conditions.[5] Upon receiving Thomason's answers to discovery in which Thomason admitted the amount in controversy exceeds $75,000.00, Defendants removed the action invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[6]

Defendants now seek summary judgment and dismissal with prejudice of all of Thomason's claims against Defendants. Defendants argue that Thomason cannot meet the elements of her burden of proof under La. R.S. 9:2800.6. Thomason objects and argues that genuine issues of material fact remain as to whether the substance on the floor presented an unreasonable risk of harm which was reasonably foreseeable, and whether Outback created or had actual or constructive notice of the foreign substance on the floor.

## II.
## Law and Analysis

As Plaintiff has objected to the Report and Recommendation, the Court must make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.[7] Plaintiff does not raise any new issues in her Objection but simply makes the same arguments which she raised in her objection to the motion for summary judgment. Plaintiff does not argue that the Magistrate Judge applied the wrong summary judgment standard or the wrong standard for liability under Louisiana law. Plaintiff's ultimate disagreement is over the Magistrate Judge's ultimate conclusion: that there is no genuine issue of material fact.

---

[5] *Id.*
[6] Notice of Removal, Doc. 1
[7] 28 U.S.C. 636(b)(1). Defendants argue that since Plaintiffs' Objection to the R&R is general and not specific, they are not entitled to de novo review. The Court need not determine this issue as the Court would reach the same conclusion under either standard.

The Court will not restate the legal standards or the factual disputes as those are stated in great detail in the Magistrate Judge's lengthy and thorough ruling. The Magistrate Judge ruled that Plaintiff failed to establish a genuine issue of material fact that Defendants had actual or constructive notice of the alleged hazard because Plaintiff "failed to offer positive evidence that the substance that she believed caused her fall 'existed for some period of time prior to her fall such that it would have been discovered if the merchant had exercised reasonable care.' La. R.S. 9:2800.6(C)(1)."[8] The Court has reviewed the Report and Recommendation as well as the Objection to that report. The Court has also reviewed all pleadings filed in connection with the Motion for Summary Judgment, including the exhibits submitted by both parties. The Court agrees with the conclusion of the Magistrate Judge that there is no genuine issue of material fact regarding Defendant's actual or constructive notice.

For these reasons, the Court overrules the Objection to Report and Recommendation [doc. 39] filed by Plaintiff. The Court adopts the findings of fact and conclusions of law contained in the Report and Recommendation in its entirety. The Motion for Summary Judgment [doc. 15] is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. A separate judgment in conformity with the foregoing reasons will be entered.

THUS DONE in Chambers on this 20th day of February, 2020.

Robert R. Summerhays
United States District Judge

---

[8] Report and Recommendation [doc. 38], p. 20-21.